# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**Prestige Holdings, LLC,**
**Plaintiff Below, Petitioner**

**vs.) No. 18-1133** (Monongalia County 17-C-289)

**Kourt Security Partners, LLC,**
**Defendant Below, Respondent**

**FILED**
**June 25, 2020**
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Prestige Holdings, LLC, by counsel Sam H. Harrold III, appeals the Circuit Court of Monongalia County's November 27, 2018, final order dismissing its complaint with prejudice. Respondent Kourt Security Partners, LLC, by counsel Joseph V. Schaeffer and James A. Walls, filed a response in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in denying its motion to amend its civil complaint to add necessary parties and in dismissing the case with prejudice after denying its motion for voluntary dismissal.

This case satisfies the "limited circumstances" requirement of Rule 21(d) of the West Virginia Rules of Appellate Procedure and is appropriate for a memorandum decision rather than an opinion. For the reasons expressed below, the decision of the circuit court is reversed, and the case is remanded to the circuit court with instructions to enter an order containing findings of fact and conclusions of law sufficient for appellate review.

In July of 2017, petitioner filed a civil complaint alleging that it loaned a total of $250,000 to MB Security and Mitch Brozick ("Brozick") from September of 2013 to December of 2013. The loans were memorialized by promissory notes and secured by commercial security agreements. According to petitioner, the loans were in default by 2014. Petitioner alleged that the commercial security agreements pledged assets that were sold to respondent in November of 2014. Accordingly, petitioner's suit requested judgment against respondent for $737,310.42, which included the total amount loaned, plus interest. In September of 2017, petitioner filed a motion for default judgment, which the circuit court granted in October of 2017. Subsequently, respondent filed a motion to set aside the default judgment and reinstate the case to the active docket of the court. The circuit court granted respondent's motion in November of 2017.

In December of 2017, petitioner filed a motion to amend the complaint to add Brozik as a defendant as he had cosigned the loans. Further, petitioner requested that Claude J. Ryan ("Ryan") be added as a plaintiff because petitioner had assigned an interest in the promissory

1

note to Ryan for valuable consideration. Petitioner argued that amending the complaint would not prejudice respondent because the parties would have ample time to respond and discovery had not yet concluded. By June of 2018, respondent filed a written consent to amend the complaint.

Petitioner filed the amended complaint in October of 2018, one day prior to a previously scheduled pretrial hearing. Due to the untimely filing of the amended complaint, the circuit court denied petitioner's motion to amend. The circuit court also ordered that the parties mediate the issues within three days, a condition that was included in the scheduling order but ignored by the parties.

Following the circuit court's ruling, petitioner filed a motion for voluntary dismissal without prejudice under Rule 41(a) of the West Virginia Rules of Civil Procedure. Respondent filed a response requesting that the circuit court defer ruling on petitioner's motion for dismissal until ruling on respondent's motion for sanctions, which accompanied its response.

The circuit court held a hearing on petitioner's motion for voluntary dismissal and respondent's motion for sanctions. Ultimately, the circuit court denied respondent's motion for sanctions, denied petitioner's motion for voluntary dismissal, and dismissed the case with prejudice. With respect to the dismissal, the circuit court's order provides simply that "good cause exists" to dismiss the civil action with prejudice. The circuit court's final order dismissing the case was entered November 27, 2018. Petitioner now appeals this order.

On appeal, we find the circuit court's final order is inadequate to perform any meaningful appellate review. We have previously held that circuit court orders dismissing an action must provide detailed findings of fact:

> Appellate courts, on review, rely heavily on the trial judge's order; the order is extremely important. The order often assists appellate courts in understanding what the trial court did and why, and good orders often rebut allegations made by appealing parties in briefs and arguments. If the lower tribunal is interested in having its decision affirmed, then the lower court should assist the appellate courts by providing comprehensive, well-reasoned orders. Submission of a comprehensive order assists an appellate court in finding a way to affirm the lower court's order.

> Dismissal orders, like summary judgment orders, should contain findings of fact which are sufficient to provide clear notice to all parties and the reviewing court as to the rationale applied by the lower court. We cannot perform our function when the lower court simply states its ruling in an order. So that we may provide meaningful appellate review, the lower court needs to provide us with more than a simple conclusion. Therefore, we hold that a circuit court's order granting dismissal should set out factual findings sufficient to permit meaningful appellate review.

2

*P.T.P., IV, ex rel. P.T.P., III, v. Bd. of Educ. of the Cty. of Jefferson*, 200 W. Va. 61, 65, 488 S.E.2d 61, 65 (1997). Here, the circuit court provided no findings of fact to justify its conclusion that "good cause exists" to dismiss petitioner's complaint with prejudice. Further, the circuit court provided no legal analysis as to why dismissal was proper. Accordingly, it is necessary to reverse the circuit court's order and remand the matter for the entry of a new order that is sufficient for appellate review.

For the foregoing reasons, we reverse the circuit court's November 27, 2018, order dismissing petitioner's complaint with prejudice and remand the case with instructions to the circuit court to enter an order with findings of fact and conclusions of law sufficient for appellate review.

Reversed and remanded.

**ISSUED:** June 25, 2020

**CONCURRED IN BY:**

Chief Justice Tim Armstead
Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison